IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY LYNN SMITH,

    Plaintiff,

v.                                                Civil Action No. 5:16CV128
                                                          (STAMP)
NANCY A. BERRYHILL,
Acting Commissioner of
Social Security

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background[1]

In this case, the plaintiff, by counsel, seeks judicial review of the defendant's decision to deny her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The plaintiff applied for DIB and SSI on May 14, 2012, alleging disability beginning April 15, 2008. Her prior work experience includes telemarketing, bartending, waitressing, and working as a cashier. She alleges that she is unable to work due to the following ailments: depression; anxiety; obsessive-compulsive disorder; insomnia; mood disorder; chronic back pain; hypothyroidism; high blood pressure; mini brain strokes; memory

---

[1]This memorandum opinion and order contains only the most relevant procedural and factual information. For more extensive background information, see ECF No. 18.

loss; degenerated disc disease; herniated S1, L4, and L5; spinal stenosis; sciatica; thickened ligamentum flavum; and facetal arthrosis. Her claim was denied initially and again upon reconsideration. The plaintiff then filed a written request for a hearing, and the Administrative Law Judge ("ALJ") held a video hearing on September 11, 2014, and December 18, 2014. At the hearings, the plaintiff, acting pro se, and an impartial vocational expert both testified. The ALJ issued an unfavorable decision to the plaintiff, and the plaintiff appealed. The Appeals Council denied the plaintiff's request for review, and the plaintiff, by counsel, timely brought her claim before this Court.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since March 6, 2012, her application date; (2) the plaintiff had the following severe impairments: lumbar degenerative disc disease osteoarthritis; migraines; gastroesophageal reflux disease ("GERD"); acromioclavicular ("AC") joint spurring of the right shoulder; irritable bowel syndrome; major depressive disorder, recurrent moderate; anxiety disorder not otherwise specified; personality disorder and substance abuse/dependence disorder; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the

2

plaintiff has no past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff and the defendant both filed motions for summary judgment.  The plaintiff's motion for summary judgment argues that the Commisioner's decision is contrary to the law and not supported by substantial evidence.  Specifically, the plaintiff contends that the ALJ (1) failed to fulfill a heightened duty of care by failing to conduct a full and fair inquiry and explore all the relevant facts of the case; (2) failed to evaluate whether the plaintiff's intellectual disability "equaled" the requirements of Listing 12.05C; and (3) failed to evaluate treating source evidence consistent with Agency policy and United States Court of Appeals for the Fourth Circuit precedent.  The plaintiff requests that the Court reverse the Commissioner's final decision and remand the case for further administrative proceedings.  The defendant's motion for summary judgment argues that the Commissioner's decision is supported by substantial evidence.  Specifically, the defendant argues that (1) the ALJ fulfilled his duty to the plaintiff at the hearing; (2) substantial evidence supports the ALJ's step three

findings; and (3) substantial evidence supports the ALJ's evaluation of the medical opinion evidence.

The magistrate judge entered his report and recommendation, to which neither party filed objections. The magistrate judge recommends that this Court deny the plaintiff's motion for summary judgment, grant the defendant's motion for summary judgment, and accordingly dismiss with prejudice this civil action. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

4

Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation. First, the magistrate judge properly found that the ALJ fulfilled his duty of care to the plaintiff during the administrative hearing. The plaintiff had argued that the ALJ failed to fulfill his heightened duty of care to ensure the plaintiff, appearing pro se, had a "full and fair opportunity" to present her claim by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] all the relevant facts." ECF No. 12-1 at 2. The magistrate judge found that, while the ALJ was discourteous and not patient or explanatory to the plaintiff, the ALJ did inquire about the plaintiff's family, daily activities,

5

medical conditions, and medical treatment, and gave the plaintiff an opportunity to share any additional information. ECF No. 10-3 at 41. The magistrate judge correctly concluded that the ALJ did not explain the vocational expert's testimony to the plaintiff, but that failing to do so did not prejudice the plaintiff because the ALJ's decision was fully comprehensive.

Second, the magistrate judge properly found that the ALJ's step three analysis is supported by substantial evidence. The plaintiff had argued that her mental impairments satisfy Intellectual Disability Listing 12.05C, and that the ALJ erred by failing to evaluate whether her impairments satisfied the Listing. ECF No. 12-1 at 3. The magistrate judge determined that the ALJ's analysis provides substantial evidence to sustain the conclusion that the plaintiff failed to satisfy two out of the three requirements to be considered disabled under Listing 12.05C. To be disabled under Listing 12.05C, the plaintiff must have (1) "significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested [before age 22]"; (2) "a verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.

The magistrate judge first found that the ALJ sufficiently supported his conclusion that the plaintiff does not have deficits

in adaptive functioning. Deficits in adaptive functioning generally encompass a broad range of cognitive and behavioral traits, and can "include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." Jackson v. \Astrue, 467 F. App'x 214, 218 (4th Cir. 2012). The magistrate found that the plaintiff is moderately restricted in her daily activities and noted that she had no problem caring for her personal needs, such as being able to shower, dress herself, and prepare meals for herself. ECF No. 10-2 at 23. The magistrate further found that the plaintiff got along "okay" with family, neighbors, and friends; that she could pay bills, count change, handle a savings account, and use a checkbook; that she uses public transportation; and that she watches television, plays games, makes jewelry, colors with her daughter, and reads. ECF No. 10-2 at 23-24.

Next, the magistrate judge noted that the plaintiff has an IQ of 71, which is over the threshold requirement for a listed impairment under Listing 12.05C. ECF No. 10-2 at 44. Thus, the magistrate judge correctly determined that the plaintiff failed to satisfy two of the three requirements for a listed impairment under Listing 12.05C.

Lastly, the magistrate judge determined that the ALJ properly evaluated the medical opinions of therapist Peter Smith and

7

Certified Nurse Practitioner Jill Emery. The plaintiff had argued (1) that the ALJ's evaluation of Mr. Smith's opinion was legally insufficient and (2) that the ALJ failed to support his reasoning for not including in the residual functional capacity ("RFC") assessment all of the limitations Ms. Emery expressed in her opinion. ECF No. 12-1 at 7-15. Mr. Smith, a therapist, and Ms. Emery, a nurse practitioner, do not fall within the Agency's list of "acceptable medical sources," and, thus, the ALJ was entitled to give their opinions lesser weight than the opinions of acceptable medical sources, so long as the ALJ explained the weight he gave to their opinions. 20 C.F.R. §§ 404.1513(a), 404.1513(d), and 416.913; Social Security Ruling 06-03p. As to Mr. Smith, the magistrate judge determined that the ALJ considered Mr. Smith's opinion and that Mr. Smith failed to give an opinion on the plaintiff's functional abilities. The ALJ specifically stated that Mr. Smith "did not give any opinion regarding the [plaintiff's] functional abilities other than to state that she had difficulty with general functioning at times." ECF No. 10-2 at 49. Thus, the magistrate judge correctly concluded that the plaintiff was not prejudiced because Mr. Smith's opinion was not explicitly assigned weight or given more weight than the other medical providers.

As to Ms. Emery, the magistrate judge found that the ALJ considered her opinion and did not err in not adopting her lifting limitation assessment. See McKenzie v. Colvin, No. 2:14CV52, 2015

WL 3442084, at *24 (N.D. W. Va. May 28, 2015) ("The ALJ does not need to specifically list and address each factor in his decision, so long as sufficient reasons are given for the weight assigned to the treating source opinion."). The magistrate judge determined that, although Ms. Emery's opinion was "generally consistent with the objective medical signs and findings," it was within the ALJ's discretion to not adopt Ms. Emery's lifting assessment. ECF No. 10-2 at 30. The magistrate judge is correct that the ALJ considered the plaintiff's complete medical history and gave great weight to the opinions of the State Agency medical consultants. ECF No. 10-2 at 50 and 52. Thus, the magistrate judge properly concluded that substantial evidence supports the ALJ's evaluation of the medical opinions.

This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation (ECF No. 18) is hereby AFFIRMED and ADOPTED. Thus, the defendant's motion for summary judgment (ECF No. 13) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 12) is DENIED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to

the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 23, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE